

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. X. Gerron
County Attorney
Ector County
Odessa, Texas

Dear Sir:

Opinion No. O-1677
Re: Are fees collected by the
sheriff under Articles
1029 and 1034, Code of
Criminal Procedure, to be
accounted for in computing
the maximum annual salary
to be retained by the
sheriff?

        Your request for opinion upon the above
stated question has been received and carefully con-
sidered by this department.

        Article 1029, Code of Criminal Procedure
of Texas, provides certain fees to be paid sheriffs
and constables by the State of Texas. Section 1 of
said article provides arrest and mileage fees. Sec-
tion 2 of said article provides fees for attaching
and summoning witnesses. Section 3 of said article
provides a fee for summoning a jury in each case
where a jury is sworn in. Section 4 of said article
provides fees for removing or conveying prisoners,
etc. Section 5 of said article, as amended by the
acts of the 43rd Legislature of Texas, provides mileage
fees for executing criminal process and summoning or
attaching witnesses. Section 6 of said article also
provides for mileage fees. Section 7 of said article
provides for fees and expenses in connection with con-
veying attached witnesses to court, provides fees and
expenses for conveying witnesses in habeas corpus pro-
ceedings out of his county, etc. Section 8 of said
article provides fees for attending prisoners on

habeas corpus, with mileage fees, etc.

Article 1034, Code of Criminal Procedure of Texas, provides for the examination and approval or disapproval by the district judge of the officers' account against the State.

Articles 3883 and 3891, Revised Civil Statutes of Texas, set out the maximum fees which may be retained by precinct, county and district officers of this State.

We call your attention to the last paragraph of Article 3891, Revised Civil Statutes of Texas, which reads as follows:

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office."

Clearly, the fees set out in Article 1029, Code of Criminal Procedure, do not come within any of the exceptions in the last paragraph of Article 3891, Revised Civil Statutes, supra.

You are therefore respectfully advised that it is the opinion of this department that your question should be answered in the affirmative and it is so answered.

APPROVED FEB 23, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning

Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

WJF:LW